UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICKMAN LYONS, Individually and on behalf of all other persons similarly situated, | ECF CASE |
| Plaintiff, | No.:_____ |
| v. | CLASS ACTION COMPLAINT |
| TACO INC. d/b/a IHOP and ABC CORPORATIONS, | JURY TRIAL DEMANDED |
| Defendants. | |

## NATURE OF THE ACTION

1.    Plaintiff Rickman Lyons ("Lyons") worked for Defendant Taco Inc. d/b/a IHOP from May 24, 2022 to June 29, 2022. During his employment, he worked as a crew leader. Throughout his employment, he was paid every two weeks, not every week.

2.    Kamal Raza is the owner and operator of Taco Inc. and owns and operates many other Taco Bell, Pizza Hut, KFC and Checkers franchise restaurants, all of which are subject to the same policies and procedures and identified in this Complaint as ABC Corporations.

3.    On his behalf and other similarly situated current and former employees of Defendants, who are or were employed is manual labor positions, Plaintiff Lyons asserts an untimely payment of wages claim under N.Y. Lab. Law § 191(1)(a).

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(d)(2) and under the Class Action Fairness Act, 28 U.S.C. §§ 1771 *et seq.*, as IHOP's total liability exceeds $5,000,000, exclusive of interests and costs, more than 100 putative class members exist, and diversity jurisdiction exists between Plaintiff Lyons and IHOP.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this claim occurred in this District.

6.      This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7.      Plaintiff Lyons is, at all relevant times, an adult individual, residing in Queens, New York.

8.      Taco Inc. is a domestic corporation that is organized and existing under the laws of New York, which is licensed to do business in the State of New York.

9.      ABC Corporations are the other Taco Bell, Pizza Hut, KFC and Checkers franchise restaurants that Kamal Raza owns and operates, all of which are subject to the same policies and procedures and identified in this Complaint as ABC Corporations.

10.      Defendants, either directly or indirectly, has hired and fired Plaintiff Lyons and other employees, supervised and controlled their work schedule and conditions of employment, determined the rate and method of their payment, and kept at least some records regarding their employment.

## STATEMENT OF FACTS

Background[1]

11.      IHOP describes itself as a restaurant chain that serves pancakes and a wide variety of breakfast, lunch, and dinner.

12.      IHOP owns and operates nearly 1,650 restaurants, including at least 61 locations in New York.

_____

[1] Headers are for organizational purposes only.

13.     From May 24, 2022 to June 29, 2022, Taco Inc. employed Plaintiff Lyons as a crew leader at its 134-60 Springfield Boulevard, Queens IHOP location.

14.     Plaintiff Lyons' primary duties include managing transactions with customers using cash registers, opening and closing the restaurant, cleaning the coffee machine, setting up the workstation for food preparation, including removing heavy bags of ice and cans of butter from a freezer and placing it in a pass-through freezer, sanitizing and cleaning tables, kitchenware, and bathroom, sweeping and mopping the sales floor and bathroom, removing the garbage, and receiving new merchandise, performance of which required the ability to lift and carry 40 to 50 heavy boxes safely, bending, pulling, and reaching.

15.     Plaintiff Lyons spent more than 25% of his time performing physical labor.

16.     Plaintiff Lyons worked with at least 40 other employees at any one time who, like him, spent more than 25% of their time doing physical labor, including setting up workstations, sweeping and mopping the sales floor, and sanitizing and cleaning kitchenware, tables, and bathroom.

17.     Defendants centralize their employment law-related decisions so that each location, regardless of whether it is an IHOP, Taco Bell, Pizza Hut, KFC or Checkers, are subject to the same, uniform policies and procedures.

18.     From speaking with them and observing them, Plaintiff Lyons knows that other employees, like he, spend more than 25% of their time performing physical labor.

Compensation Policies

19.     Taco Inc. paid Plaintiff Lyons an hourly rate.

20.     Taco Inc. paid Plaintiff Lyons every 14 days, not every week.

21.     From speaking with individuals who have worked at Defendants' other locations, Plaintiff Lyons knows that it is Defendants' uniform policy to pay their manual workers every 14 days, not every week.

22.     In paying him every 14 days, Taco Inc. did not pay Plaintiff Lyons for the first week he worked within each pay period within seven days.

23.     In paying them every 14 days, Defendants did not and does not pay the manual workers for the first week they worked within each pay period within seven days.

24.     Based on each of Defendants' 10+ locations having at least 10 manual workers, Defendants employ at least 100+ manual workers at any one time in New York.

<u>CLASS ALLEGATIONS</u>

25.     Plaintiff Lyons asserts these allegations on his own and on behalf of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

26.     Plaintiff Lyons brings his Labor Law claim on behalf of all persons whom Defendants are employing and have employed between August 22, 2016 and the entry of judgment in this case in New York who are employed or were employed as manual workers and who were paid every 14 days (the "Class Members").

27.     The Class Members identified above are so numerous that joinder of all of them is impracticable.  Although the precise number of such persons is unknown and the facts upon which calculating that number are within Defendants' sole control, upon information and belief, approximately 500-plus Class Members exist.

28.     Plaintiff Lyons' claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual

plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

29.     Defendants have acted or refused to act on grounds generally applicable to the Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief.

30.     Plaintiff Lyons is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

31.     Plaintiff Lyons has the same interest in this matter as all other Class Members and his claims are typical of theirs.

32.     Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including:

a.     whether Defendants employed Plaintiff Lyons and the Class Members within the meaning of the Labor Law;

b.     whether the Class Members are manual laborers and non-exempt employees within the meaning of the Labor Law;

c.     whether Defendants violated the Labor Law by paying the Class Members every 14 days;

d.     whether Defendants are liable for all claimed damages, including liquidated damages and attorneys' fees and expenses; and

e.     whether Defendants should be enjoined from such violations of the Labor Law in the future.

FIRST CAUSE OF ACTION
NEW YORK LABOR LAW – UNTIMELY PAID WAGES
(Brought on Behalf of Plaintiff Lyons and the Class Members)

33.     Plaintiff Lyons repeats every allegation of the preceding paragraphs as if fully set forth herein.

34.     Defendants are employers within the meaning of N.Y. Lab. Law §§ 190, 651(5) and supporting New York Statement Department of Labor Regulations and employed Plaintiff Lyons and the Class Members.

35.     Plaintiff Lyons and the Class Members are "manual workers" within the meaning of N.Y. Lab. Law § 190(4).

36.     As manual workers, Defendants were required to pay Plaintiff Lyons and the Class Members "not later than seven days after the end of the week in which the wages are earned." N.Y. Lab. Law § 191(1)(a)(i).

37.     With Defendants not paying Plaintiff Lyons and the Class Members every 14 days, they did not pay them for the first seven days they worked during each period within seven days at the end of that week, violating N.Y. Lab. Law § 191(1)(a)(i).

38.     For violating N.Y. Lab. Law § 191(1)(a)(i), Defendants are liable to Plaintiff Lyons and the Class Members for liquidated damages, interest and attorneys' fees and expenses. N.Y. Lab. Law § 198(1-a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lyons, on his behalf and the Class Members, respectfully requests this Court grant the following relief:

        a.      Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiff Lyons and his counsel to represent the Class Members;

        b.      A declaratory judgment that the practices complained of herein are unlawful under the Labor Law;

        c.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

        d.      An award of liquidated damages under the Labor Law;

        e.      An award of prejudgment and post-judgment interest;

        f.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

        g.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Lyons demands a trial by jury on all

questions of fact the Complaint raises.

Dated: New York, New York
　　　　October 7, 2022

　　　　　　　　　　　　　　　　LIPSKY LOWE LLP

　　　　　　　　　　　　　　　　s/ Douglas B. Lipsky
　　　　　　　　　　　　　　　　Douglas B. Lipsky
　　　　　　　　　　　　　　　　420 Lexington Avenue, Suite 1830
　　　　　　　　　　　　　　　　New York, New York 10017-6705
　　　　　　　　　　　　　　　　212.392.4772
　　　　　　　　　　　　　　　　doug@lipskylowe.com